Doty v. Tappan Zee Constructors, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22ⁿᵈ day of October, two thousand twenty.

Present:      ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.

_____

BRIAN DOTY,

     *Plaintiff-Appellant*,

     v.                                                                    20-36-cv

TAPPAN ZEE CONSTRUCTORS, LLC,

     *Defendant-Appellee*.

_____

Appearing for Appellant:      Paul T. Hofmann, Hofmann & Schweitzer, New York, N.Y.

Appearing for Appellee:       Robert N. Dengler, Flicker, Garelick & Associates, LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Brian Doty appeals from the December 18, 2019 judgment of the United States District Court for the Southern District of New York (Karas, *J*.) granting summary judgment to Tappan Zee Constructors, LLC ("TZC") on his claims brought under the Jones Act and Longshore and Harbor Workers' Compensation Act. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

TZC was hired by the New York State Thruway Authority to design and construct the Governor Mario M. Cuomo Bridge to replace the Tappan Zee Bridge. TZC hired Doty in May 2014 to work as a night-shift mechanic. In that role, he maintained and repaired both vessels and equipment appurtenant to materials barges, tug boats, work boats and crane barges. The bridge construction site had four ringer crane barges—barges with cranes attached to the barge decks, with a ring of steel beams that allowed the cranes to rotate 360 degrees while lifting equipment and materials. As relevant here, one crane was affixed to a 214-foot long crane barge named "The Strong Island," which was held in place by a 40-foot steel ring. The barges at the bridge construction site were stationary and moored. Aside from taking a boat between moored barges, Doty did not work aboard a vessel while it was traveling over water.

On November 19, 2014, Doty was injured while repairing a crane attached to the Strong Island. He was transported by work boat to the barge. Once there, he entered the engine compartment cab and performed diagnostic testing before exiting the cab to go the source of the problem. To do so, he had to walk on top of 8-to-10-inch-wide steel beams, without the benefit of hand rails. He slipped and fell five feet to the crane's deck, injuring several vertebrae. Doty sued, alleging TZC was negligent in failing to provide a safe place to work and that the vessel was unseaworthy due to dangerous walking surfaces providing a dangerous condition. He sued for damages under the Jones Act, 46 U.S.C. § 30104, and, alternatively, under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905(b) and 933 ("LHWCA").

On appeal, Doty first challenges the district court's holding that he was not a seaman within the meaning of the Jones Act. In *Chandris, Inc. v. Latsis*, the Supreme Court set out a two-part test for who is a seaman within the meaning of the Jones Act: "First . . . an employee's duties must contribute to the function of a vessel or to the accomplishment of its mission" and "[s]econd . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." 515 U.S. 347, 368-69 (1995).

The district court relied on our decision in the *Matter of Buchanan Marine, L.P*., where this Court considered whether a barge maintainer working at a riverside facility was a seaman. 874 F.3d 356, 365 (2d. Cir. 2017). There, the plaintiff was not assigned to any vessel and never operated a barge. *Id.* at 366. When the plaintiff worked aboard barges, the barges were secured to the dock in order to inspect them for cargo loading and cargo transport. *Id.* The plaintiff reported directly to the dock foreman, belonged to a union for equipment operators, and did not have a maritime license. *Id.* at 367. Moreover, the plaintiff "never spent the night aboard a barge" but rather "worked an hourly shift and went home every night after his shift ended." *Id.* Weighing the total circumstances of the plaintiff's employment, the court found that "none of [his] work was of a seagoing nature [and] he was not exposed to the perils of the sea in the manner associated with seaman status." *Id.* at 368 (citations and internal quotation marks omitted). Based

on these facts, the Court found that the plaintiff was not a seaman within the meaning of the Jones Act. *Id.*

We agree with the district court that Doty is not a seaman. Like the plaintiff in *Buchanan*, Doty (1) performed maintenance work exclusively on stationary vessels rather than vessels navigating over water; (2) did not operate or otherwise assist in the navigation of any vessel; (3) held no maritime license; and (4) went home at the end of an hourly shift and never slept aboard a vessel. *See id.* at 366-67; *see also O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55 (2d Cir. 2002) (finding lack of seaman status for dock worker who (1) worked only on vessels secured to a pier; (2) did not "operate a barge or otherwise assist in its navigation"; (3) "held no Coast Guard license or other seaman's papers"; and (4) "never spent the night aboard a barge." (internal quotation marks omitted)). Doty argues that his employment circumstances differ from those of the plaintiff in *Buchanan* in that Doty worked on vessels that were floating (though secured) in the middle of open water rather than moored to a riverside dock; accordingly, he claims that he had a greater exposure to certain maritime perils, such as choppy waters or heavy boat traffic. Even assuming that to be correct, however, that one factor would not tip the scales in his favor under the totality of the circumstances analysis. Considering all the circumstances, we conclude that Doty was not a seaman.

Doty also challenges the district court's dismissal of his negligence claim brought under the LHWCA. The LHWCA provides no-fault workers' compensation benefits for land-based, non-seaman maritime workers injured "in the course of employment." 33 U.S.C. § 902(2-4). "The LHWCA's no-fault compensation structure is the exclusive remedy for injured [maritime employees] against their employers." *Buchanan Marine*, 874 F.3d at 363 (citing 33 U.S.C. § 905(a)). Thus, the LHWCA generally bars negligence claims brought by maritime workers against their employers. *See O'Hara*, 294 F.3d at 62 ("As with most other workers' compensation schemes, th[e] entitlement [to no-fault compensation payments under the LHWCA] displaces the employee's common-law right to bring an action in tort against his or her employer.").

However, an injured maritime employee covered by the LHWCA may sue negligent third parties in tort, including the owner or charter of the vessel on which the employee was injured. *Id.* at 363-64; *see* 9 U.S.C. § 905(b). Here, TZC is both the employer and the vessel owner, requiring analysis under the "dual capacity" standard set forth *Gravatt v. City of New York*, 226 F.3d 108, 125 (2d Cir. 2000). This analysis focuses on "the allegedly negligent conduct to determine whether that conduct was performed in the course of the operation of the owner's vessel as a vessel or whether the conduct was performed in furtherance of the employer's harbor-working operations." *Id.* "The negligence of the employer's agents, acting in tasks constituting harbor-work employment, may not be imputed to their employer in its capacity as vessel owner." *Id.*

In *Gravatt*, a journeyman dock builder, who was employed by a construction contractor retained by the City of New York to repair one of its bridges, was injured while working on a barge chartered by the contractor at a construction site. *Id.* at 111. Normally, his duties did not include handling materials on the barges, but, on the day of his injury, he was instructed by the site foreman to go onto a materials barge to help move old piles so as to clear access to new

3

materials. *Id*. at 113. He was subsequently hit by a pile that was being moved in an allegedly unsafe and negligent manner by personnel working on the crane barge and knocked into the water, causing serious injuries. *Id*. The Court assessed whether the employees' negligent conduct was undertaken in pursuance of the contractor's role as vessel owner or as employer. The Court noted that "the task of the materials barge, as a vessel, was to transport building materials from Newark to the work site and to transport debris from the work site to Newark," while the work assigned to the foreman and to the injured dock builder was to make repairs to the bridge, "which included the unloading of construction materials brought by the barges and the reloading of the barges with debris." *Id*. at 125. Moreover, all of the personnel working on the crane barge were engaged in bridge repair; none was engaged in seafaring work. *Id*. at 125-26. Simply put, "[n]either the materials barge, nor the crane barge, nor anybody present at the bridge repair site was engaged in vessel duties at the time of the accident." *Id.* at 125. Accordingly, this Court held that the contractor was negligent in its capacity as employer, but not as a vessel owner. *Id.* at 125. Thus, there was no claim under Section 905(b) because the defendants were responsible only as employers, not as the vessel owners.

We agree with the district court that Doty cannot bring a negligence action against TZC. Doty was engaged in inspection and repair work at the time of his injury. Assuming Doty's injury was caused by TZC's negligence, the negligent act was committed while TZC acted as a construction company building a bridge. The Strong Island barge was moored and being used as a work platform for the crane, and the crane was being used to build the bridge. The allegedly dangerous condition was related to TZC's work as a construction company, not as a vessel owner.

We have considered the remainder of Doty's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4